# Patrick's Appeal.

1. When a fractional part of a mortgage debt is assigned by the mortgagee, and upon a sheriff's sale of the property bound by the mortgage the proceeds are insufficient to pay both the assignor and the assignee, they take pro rata.

2. Where a question in regard to the amount of costs that can properly be paid out of such a fund, is not raised before the auditor or in the court below, it is too late to raise it by assignment of error in the Supreme Court.

. February 14, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

APPEAL from the Court of Common Pleas of *Somerset county :* Of January Term, 1883, No. 318.

Appeal of W. W. Patrick from a decree of said court, confirming the report of an auditor appointed to distribute the fund arising from the sheriff's sale of certain mortgaged premises, under proceedings on the mortgage.

The auditor (W. H. Rupple, Esq.,) found the following facts: On March 23, 1865, John D. Roddy and Hiram Findlay executed a mortgage to Daniel Korns, on a tract of land in Somerset county, for $2,150, payable in sums of $430 on the first day of April of each year, from 1866 to 1870, inclusive. The land was the only security for the payment of the mortgage; and Roddy made sundry payments thereon.

The mortgage was duly recorded, and on April 1, 1872, John H. Uhl, attorney for Korns, assigned to M. A. Sanner & Co., $1,000 thereof on the record, as follows:

"For value received, I assign $1,000 of this mortgage for the use of M. A. Sanner & Co., with interest from the first day of April, A. D. 1872.            JOHN H. UHL,
Att'y for Daniel Korns."

Uhl had no authority from Korns to assign any part of said mortgage, and the latter had no knowledge of the assignment to M. A. Sanner & Co. until long afterwards,—probably not until the spring of 1880. It did appear that he saw the record in January, 1876, but he did not seem to understand that it was an assignment.

Korns received the said $1,000 in the following way: Dennis Cook held a judgment against Korns for $968.43, which was due April 1, 1872, and the latter wanted the money from Roddy, on the above mortgage, to pay this judgment. He

therefore employed Uhl—some time prior to this date—to collect $1,000 from Roddy and pay the same to Cook. On April 5, 1872, Uhl paid the amount of the judgment to Cook, and had it assigned to himself. During the same month he got credit on his account with Sanner & Co., who were bankers, for $1,000, and then marked the Cook judgment satisfied. On September 1, 1875, Sanner & Co. assigned said $1,000; with interest from April 1, 1872, to W. W. Patrick, who paid value in full therefor.

Roddy furnished no money when the $1,000 was assigned to M. A. Sanner & Co., nor when it was assigned to Patrick.

The assignments by Uhl to Sanner & Co., and by Sanner & Co. to Patrick, were arranged for by Roddy, and were made at his instance, and he was present when the assignment to Patrick was made, and paid over the money for Patrick, but Patrick had furnished it.

On February 8, 1879, Korns, by his attorney, issued a scire facias on the mortgage, entirely ignoring Patrick as a plaintiff, and on April 30, 1880, Patrick, by his attorney, W. H. Koontz, Esq., asked leave to amend the record in the case by adding the name of W. W. Patrick as a plaintiff, so that the record would read Daniel Korns, and for the use of M. A. Sanner & Co., now for use of W. W. Patrick v. John D. Roddy and Hiram Findlay. To this Korns objected by filing his answer July 17, 1880, in which he alleged that the assignment was fraudulent. On November 9, 1880, the court ordered that said Patrick "be joined as plaintiff without prejudice to the right of the parties." An affidavit of defence had been filed by Roddy to the claim of Korns on the balance of said mortgage. The case was subsequently tried, and on January 27, 1881, the jury returned a verdict in favor of the plaintiff Patrick, for $1,529.33, and in favor of the plaintiff Korns, for $921.14, and on March 16, 1881, the prothonotary, at the instance of J. H. Uhl, Esq., attorney for Korns, entered judgment on the verdict for the amount due the plaintiffs, respectively. Korns's attorney then issued a levari facias, and on April 22, 1881, the land was sold to Patrick for $1,516.

Patrick contended that as he had paid $1,000 for Korns, and had taken an assignment of that amount of the mortgage with interest from April 1, 1872, and as the mortgaged premises were the only security for the debt, he was entitled to be first paid out of the fund.

The auditor, however, distributed the fund pro rata between Patrick and Korns, saying in his report, inter alia, as follows: . . . . . "In this case the fund was raised by a sale of the premises by virtue of a judgment obtained on the

mortgage, and in order to treat Korns's judgment as a first lien we are asked to step over the judgment of Patrick and inquire into an assignment on the mortgage. Can this be done? We think not. See Hartman *v.* Ogborn, 4 P. F. S., 122.

"Neither does the saving clause in the order of the court amending the record 'without prejudice to the rights of the parties,' aid Mr. Korns. The only question before the court when that order was made was, whether there had been fraud or collusion between Roddy and Patrick, when the assignment was obtained. If there had been, that could have been established before the auditor, and that would have been sufficient to have postponed the judgment of Patrick, even though there had been no reservation by the court, when the amendment was allowed. But there is no evidence whatever that there was any fraud, collusion or covin in connection with the assignment. Having thus determined that Mr. Patrick's judgment is entitled to participate in the distribution, as though no question had been raised as to the validity of the assignment, it only remains to notice the argument of Patrick's counsel, that his judgment is entitled to priority over that of Korns by virtue of the assignment. It would be a complete answer to this, to say, that Mr. Patrick is not allowed to share in the proceeds by virtue of the assignment, but by force of his judgment. Again it has been well decided by numerous authorities in Pennsylvania, that if any portion or payment of a mortgage or judgment has been assigned, and on sale of the premises bound it proves insufficient for the payment of the whole amount, then equality of distribution prevails. Donley *v.* Hays, 17 S. & R., 400; Perry's Appeal, 10 Harris, 43, &c."

Exceptions filed to this report were overruled by the court, and a decree entered confirming the same. Whereupon Patrick took this appeal, assigning for error the decree of the court; and also the action of the court in making an order, (after the appeal was taken, but before it could be heard,) that "the fund in the sheriff's hands should be placed at interest within ten days, except costs."

*E. Cooper Shapley* (with whom were *W. H. Koontz* and *John D. Roddy*), for appellant.—The assignment of a mortgage is an assignment not only of the claim against the mortgagor, but of all securities which the assignor holds against the mortgagor or other parties for the same debt. Philips *v.* Bank of Lewistown, 6 Harris, 401; Morris *v.* McCulloch, 2 Norris, 34; Brice's Appeal, 14 Id., 145. After an assignment the assignor will not be permitted to defeat the rights of the assignee, whether the assignment be good in law or equity.

1 Waite on Actions, 364, § 1. And where the holder of a claim secured by mortgage assigns a part of it he cannot come into competition with his assignee if the property prove insufficient to pay both, though he warrant only the existence at the time of the transfer. It would be contrary to good faith to permit him, after receiving the price from his assignee, to prevent the latter from receiving the amount paid by him. 2 Vermont, 298; 5 Johnson's Chan. Reps., 235; 9 Wend., 410; Foley *v.* Rose, 123 Mass., 557; 18 Ohio, 546; 33 N. Y., 343. The appellee was bound to make the appellant's assignment good, and to buy in the property to protect his own judgment, if it had life. Davison's Appeal, 14 Norris, 396; Flynn *v.* Allen, 57 Pa. St., 482. The auditor entirely ignored the fact that the appellee was also owner of the legal title to the premises, at the time the fund was ready for distribution.

*Valentine Hay* (with whom was *J. H. Uhl*), for appellee.— The assignee of a portion of a mortgage has no priority, in the distribution of the fund realized on the sale of the mortgaged premises, over the assignor in respect to the portion retained by him: Donley *v.* Hays, 17 S. & R., 400; Mohler's Appeal, 5 Barr, 418; Perry's Appeal, 10 H., 43; Hancock's Appeal, 10 Casey, 155; Moore's Appeal, 11 Norris, 309.

The opinion of the court was filed February 25, 1884.

PER CURIAM.—On the facts found by the auditor there is no error in this decree of distribution. The rule is well settled that where fractional parts of the same mortgage debt, or of a judgment lien, are successively assigned to different persons, and the proceeds of the property bound thereby are insufficient to pay all of them, they take pro rata. Those first assigned are not entitled to priority of payment. Moore's Appeal, 11 Norris, 309. We discover nothing in the facts of the present case to prevent the application of that rule. No question was raised before the auditor, nor in the court below, in regard to the amount of costs entitled to be paid out of the fund. It is too late to raise it here, and the evidence furnished is insufficient to consider it intelligently.

    Decree affirmed and appeal dismissed at the costs of the appellant.